IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY R. OLSON, | No. 2:19-CV-2127-KJM-DMC |
| Plaintiff, | |
| v. | ORDER |
| HORNBROOK COMMUNITY SERVICES DISTRICT, et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court are Plaintiff's motions, ECF Nos. 23 and 26, for default judgments. Also before the Court is Defendants' opposition, ECF No. 28, to Plaintiff's motions in which Defendants ask the Court to set aside defaults entered by the Clerk of the Court. With their opposition, Defendants have submitted a proposed joinder to the motion to dismiss filed by Defendant Kampa as well as a proposed answer to Plaintiff's complaint should the Court not permit joinder. Plaintiff has filed objections and a reply, ECF No. 30, to Defendants' opposition and request to set aside entry of defaults.

/ / /

/ / /

/ / /

1

## I. PROCEDURAL HISTORY

On August 10, 2021, the Court screened Plaintiff's original pro se complaint and determined it was appropriate for service on Defendants Hornbrook Community Services District (HCSD), Clint Dingman, Robert Puckett, Sr., Michele Hanson, Melissa Tulledo, Patricia Brown, Peter Kampa, Kevin Dixon, and Julie Bowles. See ECF No. 5. The Court issued process for all defendants and directed Plaintiff to submit documents necessary for service of process to the United States Marshall. See ECF Nos. 5 and 6. On August 31, 2021, Defendant Kampa filed a motion to dismiss. See ECF No. 10. That motion is fully briefed and will be addressed separately.

On November 8, 2021, process was returned executed as to Defendants Kampa and Puckett. See ECF No. 15. On November 12, 2021, process was returned executed as to Defendants Brown, Dingman, Hanson, HCSD, and Tulledo. See ECF No. 16. On November 17, 2021, process was returned executed as to Defendant Bowles. See ECF No. 17. On November 18, 2021, Plaintiff requested entry of defaults as against Defendants Brown, Dingman, Hanson, HCSD, and Tulledo. See ECF No. 19. On November 22, 2021, Plaintiff requested entry of default as against Defendant Bowles. See ECF No. 20. On November 24, 2021, the Clerk of the Court entered the defaults of Defendants Bowles, Brown, Dingman, Hanson, HCSD, and Tulledo. See ECF No. 21. On November 29, 2021, Plaintiff requested entry of default as against Defendant Puckett. See ECF No. 22. On December 8, 2021, the Clerk of the Court entered the default of Defendant Puckett. See ECF No. 25.

Plaintiff now seeks default judgments as against Defendants Brown, Bowles, Dingman, Puckett, Hanson, Tulledo, and HCSD. See ECF Nos. 23 and 26. Defendants seek to set aside all defaults entered on the docket by the Clerk of the Court. See ECF No. 28. Defendants also seek leave to either join in Defendant Kampa's pending motion to dismiss or file an answer to the original pro se complaint. See id.

///
///
///

2

## II. DISCUSSION

Defaults are disfavored and, under Federal Rule of Civil Procedure 55(c), the Court has the discretion to set aside the Clerks of the Court's entry of default. See Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). Good cause must be shown to set aside entry of default. See Fed. R. Civ. P. 55(c). In evaluating whether good cause exists, the Court considers: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether the defaulting party has meritorious defenses; or (3) whether prejudice would result to the party opposing a motion to set aside the default. See United States v. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010). The standard is disjunctive, meaning that a finding that any factor is true is sufficient reason for the Court to decline to set aside a default entered by the Clerk of the Court. See TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001). Where, however, the party seeking to set aside entry of default has a meritorious defense, any doubt should be resolved in favor of setting aside the default so the case may be decided on the merits. See Mendoza v. Wright Vineyard Mgmt., 783 F.2d 941, 945-46 (9th Cir. 1986). A case should, whenever possible, be decided on the merits and not by way of the drastic step of a default judgment. See Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984).

According to Defendants:

> . . . Here, resolution of this case on the merits is eminently possible. Indeed, it has already begun with the other Defendants in this case, who are represented by the same counsel and are moving to dismiss Plaintiff's Complaint under Rule 12(b)(6) concurrently with this Motion. Defendants are submitting their proposed responsive pleadings to the Court concurrently with this Opposition.
> The current situation is the result of a years-long, far-reaching campaign of litigation by Plaintiff. Plaintiff has been declared a vexatious litigant in Siskiyou County, and has harassed Defendants with constant, duplicative, meritless litigation for close to a decade. With respect to the instant case, counsel was appointed by Peter Kampa's insurance policy to represent Mr. Kampa. (Declaration of Ryan Matthews ("Matthews Dec."), par. 2.) At that point, counsel had not been appointed for the moving Defendants. (Matthews Dec., par. 3.) Counsel timely filed a Motion to Dismiss on behalf of Mr. Kampa. (Matthews Dec., par. 4.) That Motion has been taken under submission, and the Court has not yet issued a ruling. (Matthews Dec., par. 5.) Counsel was subsequently appointed to represent the moving Defendants by Hornbrook Community Services District's insurance policy. (Matthews Dec., par. 6.) Moving Defendants executed waivers of service, but did not notify counsel until after the 60-day deadline had passed. (Matthews Dec., par. 7.) The resulting delay was

> exacerbated by the fact that counsel was participating in a jury trial in San Joaquin County at the time. (Matthews Dec., par. 8.) For all of these reasons, Counsel did not become aware that a deadline for a responsive pleading had been triggered until the defaults were entered. (Matthews Dec., par. 9.) Plaintiff capitalized on that confusion, leading to the current scenario.
>
> Following clarification of the situation, Defendants have moved promptly to rectify the issue. The timing of this Motion ensures that Plaintiff will suffer no prejudice should the Court grant it. The case is still not at issue, and if the Motion to Dismiss filed by Mr. Kampa is granted, Plaintiff is likely to file an Amended Complaint regardless. As discussed below, Defendants are filing two alternative proposed pleadings. Regardless of which the Court accepts, however, it is guaranteed that granting this Motion will not cause any delay, undue or otherwise. Given that the entry of these defaults was due to excusable neglect, and in light of the timely action to remedy the situation, Defendants respectfully request that the Court grant the instant Motion to Lift Defaults.

ECF No. 28, pgs. 4-5.

For the reasons discussed below, the Court finds that the defaults entered against Defendants should be set aside and that Defendants should be permitted to join in Defendant Kampa's pending motion to dismiss which raises arguments common to all named defendants.

**A.     Culpability**

A defendant's conduct is culpable in the context of a default when the defendant has actual or constructive notice of the filing of the action and intentionally fails to answer. See TCI Group Life, 244 F.3d at 697.  The negligent failure to answer coupled with a good faith explanation does not constitute intentional conduct. See id. at 697-98.

Defendants' request to set aside entry of defaults is supported by the declaration of Ryan Matthews, Esq., who represents all named defendants. See ECF No. 28, pgs. 7-8. Mr. Matthews states that his office was appointed to represent Defendant Kampa by Mr. Kampa's insurance carrier. See id. at 7. Mr. Matthews also states that, after he filed a motion to dismiss on behalf of Defendant Kampa, his office was retained by Defendant HCSD's insurance carrier to represent the remaining named defendants. See id. According to Mr. Matthews, the defaulting defendants did not notify him that waivers of service had been executed until after the response deadline had passed and that, when he was notified, he was in the midst of a jury trial in the San Joaquin County Superior Court. See id.

/ / /

4

1          The Court finds that the foregoing demonstrates no culpability on the part of the defaulting defendants' counsel, Mr. Matthews.  Defendant Puckett waived service and acknowledged that a response to Plaintiff's complaint was due within 60 days of September 7, 2021.  See ECF No. 15.  Defendants Brown, Bowles, Dingman, Hanson, Tulledo, and HCSD also waived service and acknowledged that their responses to Plaintiff's complaint were due within 60 days of September 2, 2021.  See ECF Nos. 16 and 17.  Pursuant to the waivers of service of process, responses were due in early November 2021.  Mr. Matthews states that he learned that waivers had been signed after the response deadline had passed.  Presumably, given that Mr. Matthews was already counsel of record for Defendant Kampa, he would have received notice via the Court's electronic filing system when waivers of service were first returned executed in early November 2021, coinciding with the time Mr. Matthews first became aware that waivers had been executed – a date after expiration of the response deadline.  Shortly thereafter, Plaintiff obtained entry of defaults and moved for default judgments.  Despite an ongoing trial in another matter, Mr. Matthews then timely responded to Plaintiff's motions by way of the current request to set aside entry of defaults.

           The Court also finds that there is no evidence of culpability on the part of the defaulting defendants during the time period between waiver of service in early September 2021 and the response deadline in early November 2021, shortly after which Mr. Matthews would have presumably become aware of the problem.  During this two-month period, the defaulting defendants were not only engaging in their duties as president and members of the board of HCSD, they were also engaging in efforts to retain counsel for this and other pending federal lawsuits filed by either Plaintiff or Roger Gifford, both of whom have filed a series of actions in the Eastern District of California alleging wrongdoing by HCSD and its board members.  These actions are reflected in this case by the retention of Mr. Matthews, which could not have happened if the defaulting defendants had not first contacted their insurance carrier who in turn would have decided whether to appoint counsel under the policy.  Given these circumstances, the two-month period after the defaulting defendants waived service through counsel's involvement shortly after expiration of the response deadline in early November 2021 is adequately explained

5

1  and is not the result of culpable conduct.

2  **B.      Defenses**

3  The "meritorious defense" requirement is not extraordinarily heavy.  See Mesle,
4  615 F.3d at 1094.  All that is required is the allegation of sufficient facts which, if true, would
5  constitute a defense.  See id.  The veracity of such allegations is not to be determined in the
6  context of a motion to set aside entry of defaults but is the subject of later litigation.  See id.  In
7  other words, the allegations relating to potential defenses are presumed true when deciding a
8  motion to set aside entry of default.  See id.

9  Here, the Court finds that the defaulting defendants have adequately alleged the
10 existence of meritorious defenses.  Specifically, the defenses raised by Defendant Kampa in his
11 motion to dismiss also apply to the defaulting defendants.  In this regard, the Court further finds
12 that the request to join in Defendant Kampa's motion is appropriate.

13 **C.      Prejudice**

14 Prejudice exists when the ability to present a case by that party who is opposing a
15 motion to set aside entry of defaults will be hindered, if the defaults are set aside.  See TCI
16 Group, 244 F.3d at 696.  Denial of a quick victory by way of a default judgment does not
17 constitute prejudice.  See Bateman v. United States Postal Service, 231 F.3d 1220, 1225 (9th Cir.
18 2000).  In this case, the Court finds that Plaintiff's ability to pursue her claims will not be
19 hindered if the defaults are set aside.  Notably, the docket reflects that, despite the defaults,
20 Plaintiff has filed an opposition to Defendant Kampa's motion to dismiss, joined now by all other
21 defendants and which will be addressed separately by findings and recommendations to the
22 District Judge.
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants request to set aside entry of defaults is granted;

2. The defaults entered by the Clerk of the Court at ECF Nos. 21 and 25 are set aside;

3. Plaintiff's motions for default judgments, ECF Nos. 23 and 26, are denied as moot; and

4. The Clerk of the Court is directed to separately file Defendants' joinder, ECF No. 28-1, which is deemed timely.

Dated:  August 16, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE