IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY R. OLSON, | No. 2:19-CV-02127-KJM-DMC |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| HORNBROOK COMMUNITY SERVICES DISTRICT, et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil action. The matter was referred to a United States Magistrate Judge as provided by Eastern District of California local rules.

On August 30, 2022, the Magistrate Judge filed findings and recommendations, which were served on the parties and which contained notice that the parties may file objections within the time specified therein. Timely objections to the findings and recommendations have been filed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court adopts the findings and recommendations in part.

Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Its inquiry is

concerned with giving the defendant fair notice about the claim and the facts. *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). However, to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "[s]ufficient factual matter," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to make the claim "plausible," *Twombly*, 550 U.S. at 570. Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Although the court may liberally construe plaintiff's pro se complaint, the complaint "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). The court may dismiss a complaint on Rule 8 grounds alone if it is "verbose, confusing and conclusory." *See Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981); *see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011) (collecting cases).

The court finds plaintiff has not met the requirements of Rule 8. Plaintiff's complaint is filled with confusing and conclusory allegations that make it difficult for the court to decipher the complaint. *Cf. Blaylock v. United States*, No. 17-00006, 2017 WL 2196765, at *1 (D. Ariz. Apr. 12, 2017), *report and recommendation adopted*, No. 17-00006, 2017 WL 2172002 (D. Ariz. May 17, 2017) ("[T]he Court is not to serve as an advocate of a *pro se* litigant in attempting to decipher a complaint."). In her objections to the Magistrate Judge's findings and recommendations, plaintiff acknowledges her complaint "needs to be re-written" and could use clarification, consolidation and "elimination of duplicative claims." Objs. at 1, 7 n.20, ECF No. 43. Thus, dismissal is proper.

However, "[a] district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir.1988)). In light of plaintiff's objections, the court is unable to conclude the complaint cannot be cured by any amendment. However, the court takes judicial notice of plaintiff's litigation history and finds this is one of many cases plaintiff has filed in this District. *See Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("[Courts]

may take judicial notice of undisputed matters of public record . . . including documents on file in federal or state courts."). Plaintiff's complaints in other cases have been dismissed for failure to comply with Rule 8. *See, e.g.*, Order, *Olson v. Hornbrook Community Services*, No. 15-646 (May 17, 2017), ECF No. 9; Order, *Olson v. Slote*, No. 16-956 (Oct. 30, 2022), ECF No. 15. Plaintiff is warned that failure to comply with Rule 8 in any amended complaint will likely result in dismissal with prejudice. *See Remington v. Mathson*, 804 F. App'x 783, 784 (9th Cir. 2020) (unpublished) (affirming dismissal of action with prejudice for failure to comply with Rule 8 where plaintiff had opportunity to amend); *see also* E.D. Cal. L.R. 110.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's request for judicial notice in support of her objections, ECF No. 44, is granted;

2. The findings and recommendations filed August 30, 2022, are adopted in part;

3. Defendant Kampa's motion to dismiss, ECF No. 10, which the other defendants join, is granted;

4. Plaintiff's complaint is dismissed with leave to amend for failure to comply with Federal Rule of Civil Procedure 8; and

5. Plaintiff is directed to file a first amended complaint within 30 days of the date of this order.

DATED: March 31, 2023.

CHIEF UNITED STATES DISTRICT JUDGE

3