**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOSEPH A. SALAZAR JR., SB# 169551
  E-Mail: Joe.Salazar@lewisbrisbois.com
RYAN MATTHEWS, SB# 311674
  E-Mail: Ryan.Matthews@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Defendant, PETER KAMPA, HORNBROOK COMMUNITY SERVICES DISTRICT, CLINT DINGMAN, ROBERT PUCKETT, SR., MICHELE HANSON, MELISSA TULLEDO, JULIE BOWLES, and KEVIN DIXON

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, REDDING DIVISION

| | |
|---|---|
| KIMBERLY R. OLSON,<br><br>    Plaintiff,<br><br>vs.<br><br>HORNBROOK COMMUNITY SERVICES DISTRICT; CLINT DINGMAN; ROBERT PUCKETT, SR.; MICHELE HANSON; MELISSA TULLEDO; PETER KAMPA; JULIE BOWLES; and JOHN DOES 1-20,<br><br>    Defendants. | Case No. 2:19-CV-2127-KJM-DMC<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 41(b) AND 12(b)(6)**<br><br>Date: August 28, 2023<br>Time: 10:00 a.m.<br>Crtrm.: 304 – 3rd Floor<br><br>Judge: Hon. Dennis M. Cota<br><br>Trial Date: None Set |

I. <u>INTRODUCTION</u>

Defendant PETER KAMPA, HORNBROOK COMMUNITY SERVICES DISTRICT, CLINT DINGMAN, ROBERT PUCKETT, SR., MICHELE HANSON, MELISSA TULLEDO, JULIE BOWLES, and KEVIN DIXON ("Defendants") will and hereby does move this Court for an order dismissing all of Plaintiff KIMBERLY OLSON's ("Plaintiff") claims against them for failure to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's

Complaint fails to identify any specific action taken by Defendants in their official or individual capacity that would give rise to personal liability. Rather than complying with this Court's pleading standards by including actual facts relating to Defendants' purportedly wrongful conduct, Plaintiff broadly concludes that Defendants participated integrally in each of the unspecified wrongful acts committed by the remaining Defendants. Incongruously, despite this blanket allegation of involvement, Plaintiff also alleges that Defendants never performed any of the duties his position imposed upon him.

Both, of course, cannot be true. Regardless of which set of circumstances the Court accepts, Plaintiff's Complaint does not adequately state a claim against Defendants under any of the stated causes of action. Plaintiff's Complaint, read broadly with respect to Defendants, appears to assert an inverted form of vicarious liability, holding an executive responsible for the acts of his employer. Such a theory, to the best of counsel's knowledge, has no basis in law. As such, Defendants respectfully request that the Court grant the instant Motion and dismiss each of Plaintiff's claims against Defendants.

II.   STANDARD ON MOTION TO DISMISS

   A.   General Governing Principles for Rule 12(b)(6) Motions

"A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (*quoting Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).  To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Plausibility does not equate to probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed 2d 868 (2009) (citation omitted). Thus, *Twombly* and *Iqbal* establish that a party must demonstrate the plausibility, as opposed to conceivability, of its causes of action in the complaint. *Eclectic Props. E., LLC v. Marcus and Millichap Co.*, 751 F.3d 990, 995 (9th Cir. 2014) ("*Eclectic*"); *Nuveen*



1  *Mun. Trust v. Withumsmith Brown, P.C.*, 692 F.3d 283, 303 (3d Cir. 2012). Accordingly, the
2  pleading requirements are not met by a "complaint that contains conclusion or surmise and
3  requires a court to decide whether events not pleaded could be imagined in a plaintiff's favor."
4  *Levin v. Miller*, 763 F.3d 667, 671 (7th Cir. 2014).

5       Rather, in order to establish plausibility, allegations in a complaint "may not simply recite
6  the elements of a cause of action, but must contain sufficient allegations of underlying facts to
7  give fair notice and to enable the opposing party to defend itself effectively. Second, the factual
8  allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not
9  unfair to require the opposing party to be subjected to the expense of discovery and continued
10 litigation." *Eclectic*, 751 F.3d at 996 (internal quotation and citation omitted).

11      B.    <u>Effect of Pro Se Plaintiff in Ruling on 12(b)(6) Motion</u>

12      Pleadings of pro se litigants are held to less rigid standards than those drafted by attorneys.
13 *Haines v. Kerner*, 404 U.S. 519, 520-522 (1972). However, even pro se pleadings "must meet
14 some minimum threshold in providing a defendant with notice of what it is that it allegedly did
15 wrong." *Brazil v. United States Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *Henderson v.*
16 *Sheahan*, 196 F.3d 839, 946 (7th Cir. 1999) ("pro se complainant can plead himself out of court by
17 pleading facts that undermine the allegations set forth in the complaint").

18 III.   <u>PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS NOT
19     PLED FACTUAL ALLEGATIONS PERTAINING TO DEFENDANTS THAT STATE A
20     CLAIM FOR RELIEF</u>

21      Plaintiff's Complaint is replete with broad generalizations regarding an alleged pattern of
22 undefined abuses by HCSD and its Board of Directors. On closer inspection, however, the
23 Complaint is almost completely bereft of any factual allegations relating to Defendants.
24 Ultimately, there are only three factual allegations that describe actions taken by Defendants: that
25 he failed to fulfill contractual and statutory duties enumerated in the Complaint (Complaint, p. 11,
26 ln. 20—p. 12, ln. 5); that he operated in Siskiyou County without a business license (Complaint, p.
27 12, ln. 5); and that he, along with the HCSD Board of Directors, adopted the Public Contracts
28 Code. (Complaint, p. 31, ln. 20.)

1    The remainder of the allegations regarding Defendants are vague, unsubstantiated legal conclusions which have no effect in the context of the instant Motion. A few examples illustrate the broader pattern. The aforementioned Public Contracts Code cause of action is plainly conclusory: the single paragraph in that cause of action reads almost verbatim as a recitation of the elements of said cause of action.[1] (Complaint, p. 31, ln. 19-24.) Such legal conclusions cannot withstand the pleading standard laid out under *Twombly*, *Iqbal*, and their progeny. *Eclectic Props. E., LLC v. Marcus and Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014).

Plaintiff's allegations regarding Defendants' alleged pattern of "thwarting" her right to vote are equally conclusory and nebulous. Throughout Plaintiff's rambling pleading, she does not identify any specific action taken by Defendants that affected her ability to vote in elections or attend meetings. Indeed, no specific meeting or voting issue is identified throughout the Complaint. This Complaint, if allowed to proceed over this Motion, would put Defendants in the unenviable position of having to produce discovery relating to each and every action taken throughout his tenure with HCSD. Because Plaintiff does not identify any specific wrongful conduct, Defendants would essentially be forced to prove the negative. This is, of course, not the way the pleading standards are designed. In order to survive this Motion, Plaintiff's Complaint must identify the conduct she alleges to be wrongful. Plainly, she has not done so, at least with respect to Defendants.[2]

Finally, Plaintiff's California Public Records Act cause of action is another example of the conclusory nature of this pleading. Plaintiff's "Count XIV" relating to the CPRA once again reads as a recitation of the elements. It does not identify any Public Records Act requests that any Defendant failed to respond to, whether by date or by the subject(s) of the request. The allegations state, essentially, that by violating the Public Records Act, Defendants violated the Public Records

---

[1] It also bears noting that Plaintiff has alleged no facts to establish an actual injury providing her with standing to sue either under the Public Contracts Code or the Uniform Costs Construction Accounting Act. Indeed, it is not even clear that such a private right of action exists.

[2] Kampa does not suggest or concede that the Complaint is sufficiently pled with respect to the remaining Defendants. Such an analysis is simply unnecessary in light of the limited allegations pertaining to him.

Act. Once again, such a conclusory statement is insufficient. It does not even put Defendants on notice of the alleged wrongful conduct, let alone satisfy the *Twombly* and *Iqbal* standard. These conclusory claims, with which the Complaint is replete, should be dismissed.

IV. **MANY OF PLAINTIFF'S "COUNTS" DO NOT ADDRESS DEFENDANTS, AND TO THE EXTENT THEY ARE UNDERSTOOD TO BE BROUGHT AGAINST HIM, THEY SHOULD BE DISMISSED AS AGAINST HIM**

Plaintiff's Complaint contains a large number of "Counts", likely best understood as being causes of action. Plaintiff makes clear in her Complaint that these "Counts" incorporate facts from earlier sections by referencing individual Defendants by name. (The Complaint "does hereby specifically incorporate the allegations and statements of fact contained in those Sections corresponding to each Defendant named in the specific Count." Complaint, p. 19, ln. 18-19.)

Defendants is not named in the following federal Counts: Count-II, Count V, Count—VII, Count IX, Count X, and Count XI. Defendants is also not named in the following Pendent State Claim "Counts": Count III, Count IV, Count V, Count VI, Count VII, Count IX, Count XVI, Count XVIII, and Count XIX. To the extent that Plaintiff has not specifically omitted Defendants from these causes of action, each and all of them should be dismissed as against Defendants, as they have no facts relating to Defendants to support them.

V. **PLAINTIFF'S COMPLAINT LACKS FACTS SUFFICIENT TO ESTABLISH HER STANDING TO BRING NUMEROUS CAUSES OF ACTION CONTAINED THEREIN**

In addition to the fatal deficiencies relating to the lack of substantive allegations pertaining to Defendants' actions detailed above, a number of Plaintiff's cause of action also fail for lack of standing. Each is discussed below.

A. <u>Plaintiff Cannot Bring Causes of Action Directly Under the United States Constitution</u>

To the extent that Plaintiff seeks redress directly under the constitution for violation of his First, Fourth, and Fourteenth Amendment rights, those claims fail because no direct cause of action exists under the constitution against state defendants where such defendants are amenable to suit under Section 1983. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th



Cir. 2001) ("[A] litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. 1983."); *see also Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981).

The only constitutional "count" that Plaintiff brought under 42 U.S.C. 1983 is "Count III. CONSPIRACY FOR DEPRIVATION OF RIGHT TO VOTE: (42 USC 1983)." (Complaint, p. 20, ln. 24.) The remaining counts do not contain any reference to section 1983. As such, all of Plaintiff's remaining constitutional "counts"—Counts I, II, V, VI, VII, VIII, XI, and XII—may be dismissed.

B. <u>Plaintiff Cannot Establish a Claim for Violation of Procedural Due Process</u>

A claim for violation of procedural due process requires a showing that the Plaintiff was deprived of a protected liberty or property interest. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 940 (9th Cir. 2009). That vested interest creates a plaintiff's standing to sue. The protected interest(s) apparently alleged by Plaintiff are an ambiguous interest in flawless operation of a drinking water facility and perfectly even implementation of legal duties by public officers. Plaintiff alleges a right to "the proper and timely creation and retention of records," of which she was deprived, along with the right to have public officers "monitor and supervise the operations of the HCSD facilities and employees." (*I.e.,* Complaint, p. 21-22.) None of these amount to the type of vested, specific property interest required to state a claim for relief for violation of procedural due process rights.

C. <u>Plaintiff's Clean Water Act Claim Fails Because Plaintiff Has Not Alleged Facts Sufficient To Establish Standing</u>

In order to establish standing under Article III of the United States Constitution, Plaintiff must show "(1) [he has] suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and [(3)] it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000).

Plaintiff's Complaint does not allege any concrete and particularized injury. The only

reference to injuries suffered by Plaintiff in the Complaint reads as follows: "Plaintiff alleges that the actions by the specified Defendants as set forth <u>in each of the foregoing "counts" of her First and Second Claims for Relief</u>, and as incorporating the factual allegations against each Defendant as specified in their respective sections, caused general, special, and pecuniary damages to Plaintiff, in an amount to be proven at trial, but in no event less than $50,000 per event, circumstance, alleged tort, or statutory violation." (Complaint, p. 31, ln. 25—p. 32, ln. 2.) Even reading this paragraph favorably, there is no way to characterize this vague, conclusory statement as alleging a "concrete and particularized" injury. *Friends of the Earth*, 528 U.S. at 180. As such, Plaintiff has failed to allege an injury in fact sufficient to establish standing, and the Clean Water Act claim must fail as a matter of law.

VI. <u>PLAINTIFF'S CLAIM UNDER THE AMERICANS WITH DISABILITIES ACT FAILS TO ARTICULATE A CLAIM FOR RELIEF</u>

Plaintiff's First Amended Complaint includes a cause of action for relief under the Americans with Disabilities Act. Unfortunately, Plaintiff cannot point to a single instance in which she was unable to participate in any given activity as a result of HCSD's failure to accommodate her unspecified disability. Plaintiff claims that HCSD should have e-mailed her agendas, rather than posting them as required by the Brown Act. However, there is no allegation regarding the consequences of this purported failure. There is no allegation concerning a meeting that Plaintiff was unable to attend. There is no allegation of any action that Plaintiff might have objected to at any such meeting. Ultimately, there are no actual facts—this cause of action reads like a bare recitation of the elements of an ADA cause of action, and is plainly insufficient.

VII. <u>PLAINTIFF'S STATE LAW CLAIMS FAIL TO PLEAD FACTS SUFFICIENT TO STATE A CLAIM FOR RELIEF</u>

Plaintiff pleads a large number of state law claims, none of which articulate an actionable basis for relief. Without addressing each specious claim, examples suffice. For Plaintiff's "Count V", Plaintiff claims a right to compensation for "income lost due to their breach(es), including as provided by Sections A-9(l) and A-9(26) of the Bylaws." (First Amended Complaint, p. 29, ln. 8-9.) Plaintiff has pled no facts to establish standing to sue on behalf of a public entity like HCSD



for lost income, and indeed, could not. Likewise, Plaintiff's "Count VI" pertaining to what Plaintiff alleges were "gifts" of public funds to Clint Dingman is utterly meritless as well. Plaintiff's Complaint, generally speaking, seeks to act on a baseless proposition that any moneys spent by HCSD constitute an illegal gift of public funds unless they are spent exactly as Plaintiff desires. This, of course, is not the law.

VIII.   CONCLUSION

As discussed at length above, Plaintiff's Complaint utterly fails to state a claim for which relief can be granted as against Defendants. Also worth noting is the fact that the gravamen of Plaintiff's Complaint appears geared towards injunctive relief. As Plaintiff acknowledges, Kampa has resigned from the District. The Court enjoining him to undertake specific conduct related to HCSD would be futile. Ultimately, this case is appropriate for dismissal, and as such, Defendant respectfully suggests that the Court dismiss all causes of action against him with prejudice.

DATED: July 10, 2023         LEWIS BRISBOIS BISGAARD & SMITH LLP

By:   */s/ Ryan Matthews*
RYAN MATTHEWS
Attorneys for Defendant, PETER KAMPA, HORNBROOK COMMUNITY SERVICES DISTRICT, CLINT DINGMAN, ROBERT PUCKETT, SR., MICHELE HANSON, MELISSA TULLEDO, JULIE BOWLES, and KEVIN DIXON

