**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KIMBERLY R. OLSON, | No.  2:19-CV-2127-KJM-DMC |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| HORNBROOK COMMUNITY SERVICES DISTRICT, et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil action.  Pending before the Court is Defendants' motion to dismiss.  See ECF No. 51. Plaintiff has filed an opposition.  See ECF No. 56.  Defendants have not filed a reply.

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The Court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

/ / /

/ / /

2

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## I.  BACKGROUND

### A.    Procedural History

On August 30, 2022, the Court issued findings and recommendations addressing Defendants' motion to dismiss Plaintiff's original complaint.  See ECF No. 36.  The Court recommended that Plaintiff's complaint be dismissed for failure to comply with Federal Rule of Civil Procedure 8.  See id.  The Court also recommended that the following specific claims be dismissed with prejudice: (1) Plaintiff's right-to-vote claim in federal Count III and elsewhere as sub-claims to Plaintiff's other federal counts; (2) Plaintiff's Clean Water Act claim in federal Count IV; (3) Plaintiff's Fourth Amendment claims in federal Counts II and XII; and (4) Plaintiff's infliction of emotional distress claims in state Count XV.  See id.

The District Judge adopted the findings and recommendations in part on March 31, 2023.  See ECF No. 46.  Specifically, the District Judge did not agree that the original complaint should be dismissed pursuant to Rule 8.  See id.  While the District Judge agreed that Plaintiff's original complaint failed to satisfy Rule 8, the District Judge found that leave to amend was appropriate.  See id.  The District Judge did not comment on the remainder of the findings and recommendations, which were adopted.

In granting Defendants' motion to dismiss but allowing Plaintiff leave to amend, the District Judge stated as follows with respect to Rule 8:

> The court finds plaintiff has not met the requirements of Rule 8.
> Plaintiff's complaint is filled with confusing and conclusory allegations
> that make it difficult for the court to decipher the complaint. Cf. Blaylock
> v. United States, No. 17-00006, 2017 WL 2196765, at *1 (D. Ariz. Apr.
> 12, 2017), report and recommendation adopted, No. 17-00006, 2017 WL
> 2172002 (D. Ariz. May 17, 2017) ("[T]he Court is not to serve as an
> advocate of a pro se litigant in attempting to decipher a complaint."). In
> her objections to the Magistrate Judge's findings and recommendations,
> plaintiff acknowledges her complaint "needs to be re-written" and could
> use clarification, consolidation and "elimination of duplicative claims."
> Objs. at 1, 7 n.20, ECF No. 43. Thus, dismissal is proper.

3

However, "[a] district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir.1988)). In light of plaintiff's objections, the court is unable to conclude the complaint cannot be cured by any amendment. However, the court takes judicial notice of plaintiff's litigation history and finds this is one of many cases plaintiff has filed in this District. *See Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("[Courts] may take judicial notice of undisputed matters of public record . . . including documents on file in federal or state courts."). Plaintiff's complaints in other cases have been dismissed for failure to comply with Rule 8. *See, e.g.*, Order, *Olson v. Hornbrook Community Services*, No. 15-646 (May 17, 2017), ECF No. 9; Order, *Olson v. Slote*, No. 16-956 (Oct. 30, 2022), ECF No. 15. Plaintiff is warned that failure to comply with Rule 8 in any amended complaint will likely result in dismissal with prejudice. *See Remington v. Mathson*, 804 F. App'x 783, 784 (9th Cir. 2020) (unpublished) (affirming dismissal of action with prejudice for failure to comply with Rule 8 where plaintiff had opportunity to amend); *see also* E.D. Cal. L.R. 110.

ECF No. 46, pgs. 2-3.

Plaintiff timely filed her first amended complaint on June 27, 2023.  See ECF No. 50.  Defendants filed the currently pending motion to dismiss on July 10, 2023.  See ECF No. 51.

**B.   <u>Summary of Plaintiff's Allegations</u>**

Plaintiff names the following as defendants: (1) Hornbrook Community Services District (HCSD); (2) Clint Dingman; (3) Robert Puckett, Sr.; (4) Michele Hanson; (5) Melissa Tuledo;  (6) Peter Kampa; and (7) Julie Bowles.  See ECF No. 50, pg. 1.

Plaintiff's outlines general allegations in Sections I through V of the first amended complaint.  See <u>id.</u> at 1-12.  In Section I of the first amended complaint, Plaintiff outlines her allegations relating to the Court's jurisdiction, which is not in dispute.  See <u>id.</u> at 1-2.  In Section II, Plaintiff describes Defendant HCSD.  See <u>id.</u> at 2-3.  In Section III, Plaintiff describes herself as a taxpayer, elector, property owner, and resident.  See <u>id.</u> at 3-5.  In Section IV, Plaintiff describes the named defendants.  See <u>id.</u> at 5-9.  At Section V, Plaintiff outlines what she alleges to be the legal duties of the named defendants under state and federal water laws.  See <u>id.</u> at 9-12.

/ / /

/ / /

/ / /

4

Plaintiff's more specific allegations of wrongdoing begin with Section VI.  In Section VI, Plaintiff alleges that Defendants HCSD, Hanson, Puckett, Tuledo, and Kampa failed to follow applicable federal and state water laws and illegally contracted with Defendant Dingman to provide non-compliant water treatment and distribution services.  See id. at 12-16.  In Section VII, Plaintiff claims that Defendants HCSD, Hanson, Puckett, Tuledo, and Kampa illegally allowed Defendant Dingman to use HCSD water treatment facilities at a trailer park, junkyard, and residence, constituting a waste of public funds in violation of state law.  See id. at 16-18.

In Section VIII, Plaintiff generally alleges that the voter-control provisions of the HCSD bylaws grant "substantial rights."  Id. at 18-20.

Returning to more specific allegations, Plaintiff claims in Section IX that Defendants Hanson, Puckett, and Tuledo, as members of the Board of Directors of Defendant HCSD, imposed water rate charges in violation of HCSD bylaws.  See id. at 20-23.

Based on these allegations, both general and more specific, Plaintiff asserts five[1] federal claims as follows:

| | |
|---|---|
| Count I | Denial of Rights to Vote, Due Process, Petition, Association, and Free Speech as to Rate Increases. |
| Count II(a) | Denial of Rights to Vote and Due Process as to Fees. |
| Count II(b) | Violation of Clean Water Act. |
| Count III | Violation of the Safe Drinking Water Act.[2] |
| Count IV | Violation of the Americans with Disabilities Act. |

ECF No. 50, pgs. 23-27.

Plaintiff also asserts various state law claims.  See id. at 27-33.

/ / /

/ / /

---

[1] The first amended complaint contains two claims listed as "Count II."  They are designated here as Count II(a) and Count II(b).

[2] Plaintiff did not allege a violation of the Safe Drinking Water Act in the original complaint and has not been granted leave to amend to add this claim.

## II. DISCUSSION

In their motion to dismiss, Defendants renew their previous assertion and argue that the action should now be dismissed in its entirely and with prejudice pursuant to Federal Rules of Civil Procedure 41(b) and 12(b)(6) for Plaintiff's continued failure to comply with Federal Rule 8.  See ECF No. 51-1.

At the outset, the Court notes that Plaintiff asserts in the first amended complaint a claim under the federal Safe Drinking Water Act.  Plaintiff did not assert such a claim in the original complaint and Plaintiff has neither sought nor received leave of court to add this claim. The Court finds that Plaintiff's Safe Drinking Water Act claim is not properly before the Court and should be dismissed.

Turning to Defendants' contention, the Court notes that failure to comply with Rule 8 was the basis of the Court's prior findings and recommendations, and that the District Judge agreed the original complaint did not satisfy Rule 8.  See ECF No. 46.  The Court also notes that, as referenced in the District Judge's order, Plaintiff conceded that her original complaint was deficient but could be re-crafted.  See id.  On this representation, the District Judge exercised her discretion to allow Plaintiff an opportunity to amend.  See id.  Finally, the Court notes that the District Judge's order outlined Plaintiff's prior litigation history and warned in strong terms that continued failure to comply with Rule 8 would likely result in dismissal with prejudice.  See id.

Pursuant to Rule 41(b), "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  See Fed. R. Civ. P. 41(b).  The Court must weigh five factors before imposing the harsh sanction of involuntary dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  The sanction of dismissal for lack of

prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to follow local rules, see Ghazali, 46 F.3d at 53, failure to comply with an order to file an amended complaint, see Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992), failure to inform the district court and parties of a change of address pursuant to local rules, see Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam), failure to appear at trial, see Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996), and discovery abuses, see Henry v. Gill Indus., Inc., 983 F.2d 943, 948 (9th Cir. 1993).

Involuntary dismissal is also appropriate where there is a failure to comply with Federal Rule of Civil Procedure 8, requiring each allegation in a pleading to be simple, concise, and direct.  See McHenry v. Renee, 84 F.3d 1172 (9th Cir. 1996).  While the Court must consider less drastic measures before involuntarily dismissing an action under Rule 41(b) for failure to comply with Rule 8, dismissal is appropriate where the plaintiff has been provided with multiple opportunities to replead and further amendment would be futile.  See id. at 1178-79.

Rule 8 requires that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).

Rule 8's pleading requirements are not met by a "complaint that contains conclusion or surmise and requires a court to decide whether events not pleaded could be imagined in a plaintiff's favor." Levin v. Miller, 763 F.3d 667, 671 (7th Cir. 2014).  Rather, in order to establish plausibility, allegations in a complaint "may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  Eclectic Props. E., LLC v. Marcus and Millichap Co., 751 F.3d 990, 996 (9th Cir. 2014) (internal quotation and citation omitted).  ". . .[T]he factual allegations that are taken as true must plausibly suggest an entitlement to relief,

1   such that it is not unfair to require the opposing party to be subjected to the expense of discovery

2   and continued litigation." Id.  While pleadings of pro se litigants are held to less rigid standards

3   than those drafted by attorneys, see Haines v. Kerner, 404 U.S. 519, 520-522 (1972), even pro se

4   pleadings "must meet some minimum threshold in providing a defendant with notice of what it is

5   that it allegedly did wrong," Brazil v. United States Dept. of Navy, 66 F.3d 193, 199 (9th Cir.

6   1995).

7          Although the Federal Rules adopt a flexible pleading policy, a complaint must give

8   fair notice and state the elements of the claim plainly and succinctly. See Jones v. Community

9   Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree

10  of particularity overt acts which defendants engaged in that support Plaintiff's claim. See id. The

11  allegations must be short and plain, simple and direct, and describe the relief Plaintiff seeks. See

12  Fed. R. Civ. P. 8(a); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); Galbraith v.

13  County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002).

14         Here, the Court agrees with Defendants that Plaintiff's first amended complaint, as

15  with the original complaint, fails to comply with the basic requirements of Federal Rule of Civil

16  Procedure 8.  The Amended complaint continues to assert a redundancy of prolix, unnecessary

17  citations to the law, and vague allegations as to wrongdoing.  The first amended complaint is

18  notably replete of specific factual allegations which would allow each named defendant to answer

19  basic question such as who did what, when, and how such that Plaintiff's rights were violated.

20  Defendants, and the Court, can only guess, which goes beyond a reasonable interpretation of the

21  allegations in Plaintiff's favor.

22         The Court may only engage in such extrapolation when Plaintiff's allegations, on

23  their face, establish a plausible claim for relief, which includes specific allegations such as would

24  put each defendant on notice.  Consistent with the standards outlined above, and considering

25  Plaintiff's pro se status, the Court finds that Plaintiff's first amended complaint, as with the

26  original complaint, falls short of this low bar.  Despite the District Judge's clear admonitions

27  regarding compliance with Rule 8, Plaintiff has failed to file a minimally sufficient amended

28  pleading.

Plaintiff's failure to comply with Rule 8 alone justifies dismissal of her complaint. See Schmidt v. Hermann, 614 F.2d 1221, 1223 (9th Cir. 1980) (upholding the dismissal of a complaint where it was "impossible to designate the cause of action or causes of action attempted to be alleged in the complaint."); In re Sagent Tech., Inc., 278 F.Supp.2d 1079, 1094 (N.D. Cal. 2003) ("[T]he complaint fails to state a claim because plaintiffs do not indicate which individual defendant or defendants were responsible for which alleged wrongful act."); see also McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming Rule 8 dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant" and providing an example of a properly pleaded claim, which could be "read in seconds and answered in minutes").

## III.  CONCLUSION

Based on the foregoing, the undersigned recommends as that Defendants' motion to dismiss, ECF No. 51, be GRANTED and that this action be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b) for continued failure to comply with Federal Rule of Civil Procedure 8 as well as this Court's prior orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 29, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

9