IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY R. OLSON, | No. 2:19-CV-2127-DC-DMC |
| Plaintiff, | |
| v. | ORDER |
| HORNBROOK COMMUNITY SERVICES DISTRICT, et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil action. The matter was set for a scheduling conference on March 25, 2026, and parties were directed to file a joint scheduling conference statement on or before March 18, 2026. See ECF No. 75. As of March 23, parties failed to comply with that deadline and the Court issued an order to show cause why the Court should not issue sanctions for failure to comply with a court order on or before April 15, 2026. See ECF No. 77.

Defendants filed a timely response to the order to show cause, informing the Court that the attorney assigned to the case left Defendants' attorney's firm and new counsel from the same firm were assigned the case on March 13, 2026. See ECF Nos. 76 and 78. Defendants' attorney stated they "had not been aware of the deadline for submission of a Joint Scheduling Conference Statement to the Court or of difficulty reaching Plaintiff in sufficient time in advance

1

of the deadline to submit a joint statement." ECF No. 78, pg. 2. Defendants' counsel also states that "[b]etween March 13 and March 18, when the parties' joint scheduling conference statement was due, I was unable to reach Plaintiff using several phone numbers I found in the litigation file." Id. at 4. Defendants further assert that after speaking with a relative of Plaintiff, they were put in touch with Mr. Gifford, who informed them that "Plaintiff has been in and out of the hospital for unspecified medical concerns, and has been transferred to a long-term care facility for an unknown period of time." Id. at 2.

Defendants' counsel's explanation for why they missed the deadline for filing a joint statement appears to contradict itself – counsel was not aware of the deadline but also made unsuccessful efforts to reach out to Plaintiff ahead of the deadline which prevented them from complying with the deadline. While the Court recognizes that issues contacting another party would necessarily impede filing a joint scheduling statement, Defendants' counsel, attorneys at a private law firm, should know that they were responsible for filing a Defendants' scheduling statement by the deadline set by the Court, wherein Defendants could have informed the Court of their unsuccessful efforts to contact Plaintiff.

As to Plaintiff, the Court notes that the information about Plaintiff's health has not been provided to the Court by Plaintiff. However, in light of the information provided, the undersigned finds it is appropriate to vacate the order to show cause hearing, issue a stay in this case and direct both parties to file a status update every 60 days. Plaintiff may request to lift the stay at anytime. Defendants shall provide information about any contact with, or attempts to contact, Plaintiff in their status update.

Failure of either party to file timely updates will result in imposition of sanctions.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

///

Accordingly, IT IS HEREBY ORDERED that:

1.    The Order to Show Cause hearing scheduled for April 22, 2026, is VACATED;

2.    The matter is STAYED;

3.    Parties are directed to file a joint status report within 60 days of this Order and every 60 days thereafter until otherwise directed by the Court. Failure by either party to timely provide updates will result in sanctions being imposed.

Dated:  April 16, 2026

_____

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE